NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, NA. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:

**Clerk
U.S. Bankruptcy Court
402 E. State Street
Trenton, NJ 08608**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC        ALBERT RUSSO, Trustee
400 Fellowship Road, Suite 100                     CN 4853, SUITE 101
Mt. Laurel, NJ 08054                                        TRENTON, NJ 08650

Attend the hearing scheduled to be held on 07/25/2018 in the TRENTON Bankruptcy Court, at the following address:

**U.S. Bankruptcy Court
402 E. State Street
Trenton, NJ 08608**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: July 13, 2018

/s/ Sherri J. Smith
Sherri J. Smith, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 47923
Fax: 856-813-5501
Email: Sherri.Smith@phelanhallinan.com

**File No. 811721**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, NA.

| | |
|---|---|
| In Re:<br>       SAM BHATIA<br><br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Chapter 13<br><br>Case No. 16-31404 - KCF<br><br>Hearing Date: 07/25/2018 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, NA., the holder of a Mortgage on debtor's residence located at 849 NEW DOVER ROAD, EDISON, NJ 08820 hereby objects to the Confirmation of the debtor's proposed Modified Chapter 13 Plan on the following grounds:

1.      Movant is WELLS FARGO BANK, NA..

2.      Debtor, SAM BHATIA is the owner of the property located at 849 NEW DOVER ROAD, EDISON, NJ 08820.

3.      On January 17, 2017, Movant filed Proof of Claim listing pre-petition arrears in the amount of $72,318.23.  A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4.      Debtors' Modified Chapter 13 Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5). Debtor's Modified Chapter 13 Plan lists the Movant in Part 4(f) as Secured Claims are Unaffected by the Plan.

5.      Debtors' Modified Chapter 13 Plan does not provide for payment of arrears to Movant.

6.      Movant objects to Debtors' Modified Chapter 13 Plan as it does not provide for payment of arrears to Movant.  Debtors' Modified Chapter 13 Plan should be amended to

fully fund the arrears owed to Movant in the amount as stated in Movant's Proof of Claim. Confirmation of Debtors' proposed Modified Chapter 13 Plan should be denied. A copy of the Debtors' Modified Chapter 13 Plan is attached hereto as Exhibit "B" and made a part hereof.

8.      Movant objects to Debtor's Modified Chapter 13 Plan as the Plan needs to fund the arrears owed to Movant during the term of the Plan rather than rely on speculation that is based on the possibility of a loan modification that that has yet to be approved. Confirmation of the Debtors' proposed Modified Chapter 13 Plan should be denied.


WHEREFORE, WELLS FARGO BANK, NA. respectfully requests that the Confirmation of Debtors Modified Chapter 13 Plan be denied.

/s/ Sherri J. Smith
Sherri J. Smith, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 47923
Fax: 856-813-5501
Email: Sherri.Smith@phelanhallinan.com

Dated: July 13, 2018

# Exhibit "A"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | SAM A. BHATIA |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of New Jersey (State) |
| Case Number | 16-31404 KCF |

## Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

The law requires that filer **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. § 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

| 1. | Who is the current creditor? | WELLS FARGO BANK, N.A. |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| 2. | Has this claim been acquired from someone else? | ☒ No ☐ Yes. From Whom? _____ |
|---|---|---|

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Wells Fargo Bank, N.A. Default Document Processing MAC N9286-01Y | WELLS FARGO BANK, N.A. Attention: Payment Processing MAC X2302-04C |
| 1000 Blue Gentian Road | 1 HOME CAMPUS |
| Number    Street | Number    Street |
| Eagan        MN        55121-7700 | DES MOINES    IA        50328 |
| City      State      Zip | City      State      Zip |
| Contact Phone   (800) 274-7025 | Contact Phone   (800) 274-7025 |
| Contact Email   pocnotifications@wellsfargo.com | Contact Email   pocnotifications@wellsfargo.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

W F C M G F 1 6 3 1 4 0 4 N J M 0 1 9 8 1 2 2 4

| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ |
|---|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ | |

---

## Part 2:    Give Information about the Claim as of the Date the Case Was Filed

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 1224 |
|---|---|---|

---

| 7. | **How much is the claim?** | $366,432.69 . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

---

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach any document supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>money loaned |
|---|---|---|

---

| 9. | **Is all or part of the claim secured?** | ☐ No<br>☒ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official form 410-A) with the *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe:  849 NEW DOVER ROAD, EDISON, NJ 08820<br><br>**Basis for perfection:**  recorded mortgage / deed of trust<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**  $ _____<br>**Amount of the claim that is secured:**  $ 366,432.69<br>**Amount of the claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $ 72,318.23<br><br>**Annual Interest Rate** (when case was filed) 3%<br>☒ Fixed<br>☐ Variable |
|---|---|---|

---

| 10. | **Is this claim based on a lease?** | ☒ No<br>☐ Yes.    Amount necessary to cure any default as of the date of the petition.  $_____ |
|---|---|---|

---

| 11. | **Is this claim subject to a right to setoff?** | ☒ No<br>☐ Yes.    Identify the property: _____ |
|---|---|---|

---

Official Form 410                                        **Proof of Claim**                                        page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ | No | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ | Yes. *Check all that apply:* | **Amount entitled to priority** |

|  |  |
|---|---|
| ☐ Domestic support obligation (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorized courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. § 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    January 17, 2017
                    MM / DD / YYYY

/s/ Michael Dingerdissen
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Michael Dingerdissen, Esq. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Phelan Hallinan Diamond & Jones, PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 400 Fellowship Road, Suite 100 | | |
| | Mt. Laurel, NJ 08054 | | |
| Contact phone | 856-813-5500 | Email | Michael.Dingerdissen@phelanhallinan.com |

## Mortgage Proof of Claim Attachment

**(12/15)**

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.**

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 1631404 | Principal balance: | 330,818.68 | Principal & interest due: | 49,510.77 | Principal & interest: | 2,605.83 |
| Debtor 1: | SAM A BHATIA | Interest due: | 15,931.47 | Prepetition fees due: | 2,952.47 | Monthly escrow: | 1,041.65 |
| Debtor 2: | | Fees, costs due: | 2,952.47 | Escrow deficiency for funds advanced: | 16,730.07 | Private mortgage insurance: | 0.00 |
| Last 4 digits to identify: | 1224 | Escrow deficiency for funds advanced: | 16,730.07 | Projected escrow shortage: | 3,124.92 | Optional Products: | 0.00 |
| Creditor: | See 410 part 1.1 | Other: | 0.00 | Other: | 0.00 | | |
| Servicer: | Wells Fargo Bank, N.A. | Less total funds on hand: − | 0.00 | Less funds on hand: − | 0.00 | Total monthly payment: | 3,647.48 |
| Fixed accrual/daily simple interest/other: | Fixed Accrual | Total debt: | 366,432.69 | Total prepetition arrearage: | 72,318.23 | *Additional changes to the monthly payment amount may be required because interest rate adjustments or escrow requirement changes. | |
| | | *Not to be used for payoff purposes | | | | | |

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 01/16/2015 | | | | Beginning Balances | 01/01/2015 | 3,614.07 | | | | | | 337,889.57 | 0.00 | 3,397.55 | 0.00 | 0.00 |
| 01/16/2015 | | | 144.56 | Late Charge | 01/01/2015 | 3,614.07 | | | | 144.56 | | 337,889.57 | 0.00 | 3,397.55 | 144.56 | 0.00 |
| 01/26/2015 | | 3,614.07 | | Payment | 01/01/2015 | 0.00 | 1,761.11 | 844.72 | 1,008.24 | | 0.00 | 336,128.46 | 0.00 | 4,405.79 | 144.56 | 0.00 |
| 01/27/2015 | | | 2,546.75 | City tax disbursement | 02/01/2015 | 0.00 | 0.00 | 0.00 | -2,546.75 | | 0.00 | 336,128.46 | 0.00 | 1,859.04 | 144.56 | 0.00 |
| 02/01/2015 | 3,619.81 | | | Monthly payment | 02/01/2015 | 3,619.81 | | | | | | 336,128.46 | 0.00 | 1,859.04 | 144.56 | 0.00 |
| 02/09/2015 | | 3,619.81 | | Payment | 02/01/2015 | 0.00 | 1,765.51 | 840.32 | 1,013.98 | | 0.00 | 334,362.95 | 0.00 | 2,873.02 | 144.56 | 0.00 |
| 03/01/2015 | 3,619.81 | | | Monthly payment | 03/01/2015 | 3,619.81 | | | | | | 334,362.95 | 0.00 | 2,873.02 | 144.56 | 0.00 |
| 03/16/2015 | | | 144.79 | Late Charge | 03/01/2015 | 3,619.81 | | | | 144.79 | | 334,362.95 | 0.00 | 2,873.02 | 289.35 | 0.00 |
| 03/30/2015 | | 3,619.81 | | Payment | 03/01/2015 | 0.00 | 1,769.92 | 835.91 | 1,013.98 | | 0.00 | 332,593.03 | 0.00 | 3,887.00 | 289.35 | 0.00 |
| 04/01/2015 | 3,619.81 | | | Monthly payment | 04/01/2015 | 3,619.81 | | | | | | 332,593.03 | 0.00 | 3,887.00 | 289.35 | 0.00 |
| 04/16/2015 | | | 144.79 | Late Charge | 03/01/2015 | 3,619.81 | | | | 144.79 | | 332,593.03 | 0.00 | 3,887.00 | 434.14 | 0.00 |
| 04/17/2015 | | | 2,546.74 | City tax disbursement | 04/01/2015 | 3,619.81 | 0.00 | 0.00 | -2,546.74 | | 0.00 | 332,593.03 | 0.00 | 1,340.26 | 434.14 | 0.00 |
| 04/29/2015 | | 3,619.81 | | Payment | 04/01/2015 | 0.00 | 1,774.35 | 831.48 | 1,013.98 | | 0.00 | 330,818.68 | 0.00 | 2,354.24 | 434.14 | 0.00 |
| 05/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 3,580.74 | | | | | | 330,818.68 | 0.00 | 2,354.24 | 434.14 | 0.00 |

Official Form 410A     **Mortgage Proof of Claim Attachment**     page 1 of 3

## Mortgage Proof of Claim Attachment: Additional Page

(12/15)

| Case number: | 1631404 |
| --- | --- |
| Debtor 1: | SAM A BHATIA |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 05/18/2015 | | | 144.79 | Late Charge | 05/01/2015 | 3,580.74 | | | | 144.79 | | 330,818.68 | 0.00 | 2,354.24 | 578.93 | 0.00 |
| 06/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 7,161.48 | | | | | | 330,818.68 | 0.00 | 2,354.24 | 578.93 | 0.00 |
| 06/16/2015 | | | 144.79 | Late Charge | 05/01/2015 | 7,161.48 | | | | 144.79 | | 330,818.68 | 0.00 | 2,354.24 | 723.72 | 0.00 |
| 07/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 10,742.22 | | | | | | 330,818.68 | 0.00 | 2,354.24 | 723.72 | 0.00 |
| 07/22/2015 | | | 2,707.01 | City tax disbursement | 05/01/2015 | 10,742.22 | 0.00 | 0.00 | -2,707.01 | | 0.00 | 330,818.68 | 0.00 | -352.77 | 723.72 | 0.00 |
| 08/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 14,322.96 | | | | | | 330,818.68 | 0.00 | -352.77 | 723.72 | 0.00 |
| 09/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 17,903.70 | | | | | | 330,818.68 | 0.00 | -352.77 | 723.72 | 0.00 |
| 09/11/2015 | | | 1,185.00 | Hazard Insurance Disbursement | 05/01/2015 | 17,903.70 | 0.00 | 0.00 | -1,185.00 | | 0.00 | 330,818.68 | 0.00 | -1,537.77 | 723.72 | 0.00 |
| 10/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 21,484.44 | | | | | | 330,818.68 | 0.00 | -1,537.77 | 723.72 | 0.00 |
| 10/26/2015 | | | 2,692.53 | City tax disbursement | 05/01/2015 | 21,484.44 | 0.00 | 0.00 | -2,692.53 | | 0.00 | 330,818.68 | 0.00 | -4,230.30 | 723.72 | 0.00 |
| 11/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 25,065.18 | | | | | | 330,818.68 | 0.00 | -4,230.30 | 723.72 | 0.00 |
| 12/01/2015 | 3,580.74 | | | Monthly payment | 05/01/2015 | 28,645.92 | | | | | | 330,818.68 | 0.00 | -4,230.30 | 723.72 | 0.00 |
| 01/01/2016 | 3,580.74 | | | Monthly payment | 05/01/2015 | 32,226.66 | | | | | | 330,818.68 | 0.00 | -4,230.30 | 723.72 | 0.00 |
| 01/04/2016 | | | 807.50 | Attorney's fees | 05/01/2015 | 32,226.66 | | | | 807.50 | | 330,818.68 | 0.00 | -4,230.30 | 1,531.22 | 0.00 |
| 01/04/2016 | | | 250.00 | Filing fees and court costs | 05/01/2015 | 32,226.66 | | | | 250.00 | | 330,818.68 | 0.00 | -4,230.30 | 1,781.22 | 0.00 |
| 01/04/2016 | | | 75.00 | Title costs | 05/01/2015 | 32,226.66 | | | | 75.00 | | 330,818.68 | 0.00 | -4,230.30 | 1,856.22 | 0.00 |
| 01/04/2016 | | | 400.00 | Title costs | 05/01/2015 | 32,226.66 | | | | 400.00 | | 330,818.68 | 0.00 | -4,230.30 | 2,256.22 | 0.00 |
| 01/29/2016 | | | 2,623.26 | City tax disbursement | 05/01/2015 | 32,226.66 | 0.00 | 0.00 | -2,623.26 | | 0.00 | 330,818.68 | 0.00 | -6,853.56 | 2,256.22 | 0.00 |
| 02/01/2016 | 3,580.74 | | | Monthly payment | 05/01/2015 | 35,807.40 | | | | | | 330,818.68 | 0.00 | -6,853.56 | 2,256.22 | 0.00 |
| 03/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 39,386.40 | | | | | | 330,818.68 | 0.00 | -6,853.56 | 2,256.22 | 0.00 |
| 03/18/2016 | | | 485.00 | Attorney's fees | 05/01/2015 | 39,386.40 | | | | 485.00 | | 330,818.68 | 0.00 | -6,853.56 | 2,741.22 | 0.00 |
| 03/18/2016 | | | 40.00 | Recording fees | 05/01/2015 | 39,386.40 | | | | 40.00 | | 330,818.68 | 0.00 | -6,853.56 | 2,781.22 | 0.00 |
| 04/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 42,965.40 | | | | | | 330,818.68 | 0.00 | -6,853.56 | 2,781.22 | 0.00 |

## Mortgage Proof of Claim Attachment: Additional Page

(12/15)

| Case number: | 1631404 |
|---|---|
| Debtor 1: | SAM A BHATIA |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** | **B.** | **C.** | **D.** | **E.** | **F.** | **G.** | **H.** | **I.** | **J.** | **K.** | **L.** | **M.** | **N.** | **O.** | **P.** | **Q.** |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 04/28/2016 | | | 2,623.26 | City tax disbursement | 05/01/2015 | 42,965.40 | 0.00 | 0.00 | -2,623.26 | | 0.00 | 330,818.68 | 0.00 | -9,476.82 | 2,781.22 | 0.00 |
| 05/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 46,544.40 | | | | | | 330,818.68 | 0.00 | -9,476.82 | 2,781.22 | 0.00 |
| 06/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 50,123.40 | | | | | | 330,818.68 | 0.00 | -9,476.82 | 2,781.22 | 0.00 |
| 07/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 53,702.40 | | | | | | 330,818.68 | 0.00 | -9,476.82 | 2,781.22 | 0.00 |
| 07/15/2016 | | | 2,836.26 | City tax disbursement | 05/01/2015 | 53,702.40 | 0.00 | 0.00 | -2,836.26 | | 0.00 | 330,818.68 | 0.00 | -12,313.08 | 2,781.22 | 0.00 |
| 07/26/2016 | | | 121.25 | Attorney's fees | 05/01/2015 | 53,702.40 | | | | 121.25 | | 330,818.68 | 0.00 | -12,313.08 | 2,902.47 | 0.00 |
| 07/26/2016 | | | 50.00 | Filing fees and court costs | 05/01/2015 | 53,702.40 | | | | 50.00 | | 330,818.68 | 0.00 | -12,313.08 | 2,952.47 | 0.00 |
| 08/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 57,281.40 | | | | | | 330,818.68 | 0.00 | -12,313.08 | 2,952.47 | 0.00 |
| 08/09/2016 | | | 1,589.00 | Hazard Insurance Disbursement | 05/01/2015 | 57,281.40 | 0.00 | 0.00 | -1,589.00 | | 0.00 | 330,818.68 | 0.00 | -13,902.08 | 2,952.47 | 0.00 |
| 09/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 60,860.40 | | | | | | 330,818.68 | 0.00 | -13,902.08 | 2,952.47 | 0.00 |
| 10/01/2016 | 3,579.00 | | | Monthly payment | 05/01/2015 | 64,439.40 | | | | | | 330,818.68 | 0.00 | -13,902.08 | 2,952.47 | 0.00 |
| 10/28/2016 | | | 2,827.99 | City tax disbursement | 05/01/2015 | 64,439.40 | 0.00 | 0.00 | -2,827.99 | | 0.00 | 330,818.68 | 0.00 | -16,730.07 | 2,952.47 | 0.00 |
| 11/01/2016 | 3,648.17 | | | Monthly payment | 05/01/2015 | 68,087.57 | | | | | | 330,818.68 | 0.00 | -16,730.07 | 2,952.47 | 0.00 |
| 11/08/2016 | | | | Bankruptcy Filed | 05/01/2015 | 68,087.57 | | | | | | 330,818.68 | 0.00 | -16,730.07 | 2,952.47 | 0.00 |

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed.  The Promissory note is either made payable to creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

## Additional Disclaimers (where applicable)

### 410

**Part 2:** Question 9-Describe contains the property address and may contain a description for "Other".

### 410A

#### Part 1:

Full creditor name cannot be displayed due to space limitation, see 410 part 1.1 for full name.

#### Part 2:

Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.

Interest Due is the interest due as of the Bankruptcy File Date.

Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date.  Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow deficiency for funds advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Other includes any applicable Private Mortgage Insurance, other Optional Products (i.e. A & H, Life) or Deferred Interest, where applicable, due as of the Bankruptcy File Date. This line was added to ensure transparency.

Less Total Funds on hand is the total of Part 5, Column O (if positive balance) and Q as of the Bankruptcy File Date.

Total Debt not to be used for payoff purposes.

#### Part 3:

Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition principal and interest amounts).

Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow Deficiency for Funds Advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Projected Escrow Shortage is the Escrow Required from the escrow analysis minus a positive escrow balance as of the Bankruptcy File Date.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition escrow amounts).

Other includes any applicable Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition Optional Product amounts).

Less Funds on Hand is from Part 5, column Q as of the Bankruptcy File Date.

#### Part 4:

Optional Products includes any applicable optional products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.

(*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically throughout the life of the loan.

#### Part 5:

If any of the transactions in the loan payment history contain amounts for optional products, the amount for that product will be reflected in either the Contractual payment amount or the Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described below.

Column G In addition to the items listed, this also includes any past due PMI or optional products (i.e. A & H, Life) amounts, as applicable. Optional product (i.e. A & H, Life) amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.

Column J includes taxes, insurance and MIP/PMI as applicable.

Column N will only be populated if the loan is Daily Simple Interest or if Deferred Interest exists on the account.

Column O includes taxes, insurance and MIP/PMI as applicable.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

784552
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for WELLS FARGO BANK, N.A.

| In Re:<br><br>SAM BHATIA | Case No:  16-31404 - KCF<br><br>Hearing Date: _____<br><br>Judge:  KATHRYN C. FERGUSON<br><br>Chapter:  13 |
|---|---|

## CERTIFICATION OF SERVICE

1.   I, Richard Millichap:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, N.A. in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.   On January 17, 2017 I sent a copy of the following pleadings and/or documents to the parties listed below:

Proof of Claim

3.   I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  January 17, 2017_____        /s/  *Richard Millichap*_____
                                                                       Richard Millichap

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| SAM BHATIA 849 NEW DOVER ROAD, EDISON, NJ 08820 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| JOHN J SCURA, III, Esquire 1599 HAMBURG TURNPIKE P.O. BOX 2031 WAYNE, NJ 07470 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ALBERT RUSSO, Trustee CN 4853 Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

LOAN #:

# NOTE

FHA Case No.

MIN:

Multistate

| DECEMBER 26, 2012 | WESTBURY, | NEW YORK |
|---|---|---|
| [Date] | [City] | [State] |

849 New Dover Road, Edison, NJ 08820
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **CONTINENTAL MORTGAGE BANKERS INC. D/B/A FINANCIAL EQUITIES, A CORPORATION.**

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of **\*\*\*\*THREE HUNDRED SEVENTY SEVEN THOUSAND THREE HUNDRED THIRTY NINE AND NO/100\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** Dollars (U.S. **$377,339.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **THREE** percent ( **3.000%** ) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT
**(A) Time**
Borrower shall make a payment of principal and interest to Lender on the **1ST** day of each month beginning on **FEBRUARY 1, 2013.** Any principal and interest remaining on the **1ST** day of **JANUARY, 2028** will be due on that date, which is called the "Maturity Date."
**(B) Place**
Payment shall be made at
**1025 OLD COUNTRY ROAD**
**WESTBURY, NY 11590**

or at such place as Lender may designate in writing by notice to Borrower.
**(C) Amount**
Each monthly payment of principal and interest will be in the amount of U.S. **$2,605.83.** This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
**(D) Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]    ☐ Graduated Payment Allonge    ☐ Growing Equity Allonge
☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. BORROWER'S FAILURE TO PAY
**(A) Late Charge for Overdue Payments**
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of **15** calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000%** ) of the overdue amount of each payment.

**(B) Default**
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

FHA Multistate Fixed Rate Note - 10/95
Online Documents, Inc.                    **Page 1 of 2**                    Initials: _____

P8700NOT 0804

LOAN #:

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
Sam Bhatia

005        PAY TO THE ORDER OF

_____
WITHOUT RECOURSE

By  _William R. Martin_
William R. Martin
Vice President Loan Documentation
Wells Fargo Bank, N.A.

PAY TO THE ORDER OF    WELLS FARGO BANK, N.A.

WITHOUT RECOURSE

CONTINENTAL MORTGAGE BANKERS
INC. D/B/A FINANCIAL
EQUITIES, A CORPORATION

BY: _Louise M_____
LOUISE MANZO
VICE PRESIDENT

FHA Multistate Fixed Rate Note - 10/95
Online Documents, Inc.                    Page  2  of  2                    P8700NOT  0804

After Recording Return To:
CONTINENTAL MORTGAGE BANKERS INC.
ATTN: FINAL DOCUMENT DEPARTMENT
1025 OLD COUNTRY ROAD
WESTBURY, NY 11590

RECORDED
ELAINE M FLYNN
MIDDLESEX CITY CLERK

2013 JAN 18 PM 1: 45

BOOK #_____
PAGE #_____
# OF PAGES_____

This instrument was prepared by:
ALICIA IADANZA
CONTINENTAL MORTGAGE BANKERS INC. D/B/A FINANCIA
1025 OLD COUNTRY ROAD

WESTBURY, NY 11590

PREPARER    PHONE #: 516-281-2311

Record & Return to:
Maguire Title, LLC
11-15 River Road
Second Floor, Suite 3
Fair Lawn, NJ 07410

─────────────────[Space Above This Line For Recording Data]─────────────────

LOAN #:
State of New Jersey              **MORTGAGE**

FHA Case No.

MIN:

THIS MORTGAGE ("Security Instrument") is given on DECEMBER 26, 2012.    The Mortgagor is
SAM BHATIA

("Borrower").

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a
nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.**
MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026,
Flint, MI 48501-2026, tel. (888) 679-MERS. **CONTINENTAL MORTGAGE BANKERS INC.DBA FINANCIAL
EQUITIES, A CORPORATION**

("Lender") is organized and
existing under the laws of NEW YORK,
and has a principal office and mailing address of 1025 OLD COUNTRY ROAD, WESTBURY, NY 11590.

Borrower owes Lender the principal sum of ***THREE HUNDRED SEVENTY SEVEN THOUSAND THREE HUNDRED
THIRTY NINE AND NO/100************************************** Dollars (U.S. $377,339.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on JANUARY 1, 2028.
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under
paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are
subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined
in New Jersey Laws 1985, ch. 353, Section 1 **et seq.,** and upon such modification, shall have the benefit of the lien priority
provisions of that law. The maximum principal amount secured by this Security Instrument is $377,339.00
For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and
Lender's successors and assigns) and to the successors and assigns of MERS the following described property located
in Middlesex                      County, New Jersey:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".

which has the address of 849 New Dover Road, Edison,

[Street, City].

New Jersey    08820        ("Property Address");
            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances
and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security

FHA New Jersey Mortgage - 4/96
Online Documents, Inc.                Page 1 of 5        Initials: _____

NJEFHADE  0802

B15088P-359

***First American***
***Title Insurance Company***

File Number: MT-120832

EXHIBIT A
LEGAL DESCRIPTION

All that certain tract or parcel of land, situated, lying and being in the Township of Edison, County of Middlesex, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the southerly line of New Dover Road, said point being distant 1,019.70 feet easterly along same from the intersection of the said southerly line of New Dover Road with the easterly line of Dark Lane; and running thence

1.      Along the said southerly line of New Dover Road, South 81 degrees 20 minutes 30 seconds East, 100.05 feet to a point; thence

2.      South 08 degrees 07 minutes 50 seconds West, 200.19 feet to a point; thence

3.      North 34 degrees 20 minutes 30 seconds West, 105.42 feet to a point; thence

4.      North 09 degrees 39 minutes 10 seconds East, 200.49 feet to the point and place of BEGINNING.

NOTE: Being Lot(s)  Lot: **45**, Block: **546.Z;**  Tax Map of the **Township of Edison, County of Middlesex, State of New Jersey**.

NOTE: Lot and Block shown for informational purposes only.

New Jersey Land Title
Insurance Rating Bureau
ALTA Plain Language Commitment 2006
New Jersey Variation

NJRB 3-08
Last Revised 5/15/2009
FANJ 3-08A

B15088P-360

LOAN #:

Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.
1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).
3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:
First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;
Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;
Third, to interest due under the Note;
Fourth, to amortization of the principal of the Note; and
Fifth, to late charges due under the Note.
4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.
5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take

B I 5 0 8 8 P - 3 6 1

reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien, in legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

**(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

    (ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

    (i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand

FHA New Jersey Mortgage - 4/96
Online Documents, Inc.

**Page 3 of 5**

Initials: _____

NJEFHADE 0802

B15088P-362

LOAN #1

made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider     ☐ Growing Equity Rider     ☐ Planned Unit Development Rider
☐ Graduated Payment Rider     ☐ Other(s) [specify]

Initials:

NJEFHADE 0802

B15088P-363

LOAN #:

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
Sam Bhatia

State of NEW JERSEY
County of Middlesex_____, ss

On December 26, 2012, before me, David Kondo, Notary Public in and for said county, personally appeared Sam Bhatia and stated to my satisfaction, that this person (or if more than one, each person) a) was the maker of the within instrument and, b) executed this instrument as his or her own act.

_____    12/26/2012
Notary's signature         Date

My commission expires

David Kondo
Notary Public of New Jersey
I.D. # 2325792
Commission Expires 3/2/2015



B15088P-364

MIDDLESEX COUNTY CLERK

**Return To:**

    MAGUIRE TITLE
    11-15 RIVER ROAD   , STE 3
    FAIR LAWN , NJ
    07410

    BHATIA
    SAM

Index  MORTGAGE BOOK

Book   15088   Page  0358

No. Pages  0007

Instrument  MORTGAGE

Date :   1/18/2013

Time :   2:43:22

Control #   201301180593

INST#    MG 2013 001957

Employee ID  PATELD

| | | |
|---|---|---|
| RECORDING | $ | 50.00 |
| DARM | $ | 18.00 |
| NJPRPA | $ | 12.00 |
| - - - - - | $ | .00 |
| RECORDING | $ | 3.00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |

Total:    $    83.00

STATE OF NEW JERSEY
MIDDLESEX COUNTY CLERK

PLEASE NOTE
DO NOT REMOVE THIS COVERSHEET
IT CONTAINS ALL RECORDING INFORMATION

       ELAINE FLYNN
       COUNTY CLERK



201301180593



---

**Cover sheet is part of Middlesex County filing record**

**Retain this page for future reference**

**Not part of the original submitted document**

---

**DO NOT REMOVE THIS PAGE. TO ACCESS THE IMAGE OF THE DOCUMENT RECORDED HEREUNDER BY BOOK AND PAGE NUMBER, USE THE BOOK AND PAGE NUMBER ABOVE.**

B15088P-358

Pocket Folder Location:    NO_FDPF

Destination:

GNMA_IM

First Doc In:

**Borrower Name:**          **BHATIA, SAM**

**Doc Type:**          **Mortgage/DOT**

*03000*

**Loan Number:**

**Pipeline:**     ILA

**Investor:**     GNMA

**Investor Loan #:**

**Pool Date #:**     Feb 01, 2013

**Custodian:**     Wells Fargo Bank Mortgage Doc Custody (W

**State:**     NJ

**Pool #:**

**FD ID:**

Servicer:     52
BatchID:

MIDDLESEX COUNTY CLERK
CLERK'S OFFICIAL RECORDING PAGE -- DO NOT REMOVE

Return To:

Index   ASSIGNMENT

Book   01164   Page   0013

No. Pages   0004

Instrument   ASSIGNMENT

Date :   6/16/2015

Time :   11:24:10

Control #   201506160224

BHATIA
SAM
WELLS FARGO BANK, N.A.

INST#          AS 2015 002951

MORTGAGE ELECTRONIC REGISTRATI
ON SYSTEMS, INC.
CONTINENTAL MORTGAGE BANKERS,
INC.

Employee ID   ODOIG

| | | |
|---|---|---|
| RECORDING | $ | 30.00 |
| DARM | $ | 6.00 |
| NJPRPA | $ | 4.00 |
| - - - - - | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| Total: | $ | 40.00 |

STATE OF NEW JERSEY
MIDDLESEX COUNTY CLERK

PLEASE NOTE
DO NOT REMOVE THIS COVERSHEET
IT CONTAINS ALL RECORDING INFORMATION

ELAINE FLYNN
COUNTY CLERK

A011640013

B01164 P0013



# Middlesex County
# Document Summary Sheet

MIDDLESEX COUNTY CLERK

PO BOX 871

JOHN F. KENNEDY SQUARE

NEW BRUNSWICK NJ 08901

*Official Use Only*

| Transaction Identification Number | | 2457197 | 1717529 |
|---|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 06/12/2015 | **Return Address** *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | 1 | WELLS FARGO - DA L2 | |
| **Recording Fee** *(excluding transfer tax)* | $40.00 | 1000 BLUE GENTIAN RD | |
| **Realty Transfer Tax** | $0.00 | EAGAN MN 55121 | |
| **Total Amount** | $40.00 | | |

| Document Type | ASSIGNMENT OF MORTGAGES |
|---|---|

**Municipal Codes**

MIDDLESEX COUNTY                99

**Batch Type**

L2 - LEVEL 2 (WITH IMAGES)

### Bar Code(s)

106203

### Additional Information (Official Use Only)

***\* DO NOT REMOVE THIS PAGE.***
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MIDDLESEX COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

2809695_6M12D(13H29M0S549)/2457197 1717529

Page 1 of 2



**Middlesex County**
**Document Summary Sheet**

| | Type | ASSIGNMENT OF MORTGAGES | | | |
|---|---|---|---|---|---|
| | Consideration | | | | |
| | Submitted By | WELLS FARGO - DA L2 (CSC/INGEO SYSTEMS INC) | | | |
| | Document Date | 06/10/2015 | | | |
| | Reference Info | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** |
| | | M | 15088 | 0358 | 2013 001957 |
| ASSIGNMENT OF MORTGAGES | MORTGAGOR/ASSIGNOR | **Name** | | **Address** | |
| | | SAM BHATIA | | | |
| | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | | |
| | | CONTINENTAL MORTGAGE BANKERS INC | | | |
| | | FINANCIAL EQUITIES | | | |
| | ASSIGNEE | **Name** | | **Address** | |
| | | WELLS FARGO BANK NA | | | |
| | **Parcel Information** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MIDDLESEX COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

B01164 P0015

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

ASSIGNMENT TEAM
WELLS FARGO BANK, N.A.
MAC: N9289-016
PO BOX 1629
EAGAN, MN 55121-4400

## CORPORATE ASSIGNMENT OF MORTGAGE

Middlesex, New Jersey
"BHATIA"

MIN #:                          SIS #: 1-888-679-6377

Date of Assignment: June 8th, 2015
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CONTINENTAL
MORTGAGE BANKERS, INCORPORATED, DOING BUSINESS AS FINANCIAL EQUITIES, ITS SUCCESSORS
AND ASSIGNS at P.O. BOX 2026, FLINT, MI 48501, 1901 E VOORHEES ST STE C, DANVILLE, IL 61834
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA 50328

Executed By: SAM BHATIA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
CONTINENTAL MORTGAGE BANKERS, INCORPORATED, DOING BUSINESS AS FINANCIAL EQUITIES, ITS
SUCCESSORS AND ASSIGNS
Date of Mortgage: 12/26/2012 Recorded: 01/18/2013 In Book/Reel/Liber: 15088 Page/Folio: 0358 as Instrument
No.: MG 2013 001957 In the County of Middlesex, State of New Jersey.

Property Address: 849 NEW DOVER ROAD, EDISON, NJ 08820

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $377,339.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CONTINENTAL MORTGAGE
BANKERS, INCORPORATED, DOING BUSINESS AS FINANCIAL EQUITIES, ITS SUCCESSORS AND ASSIGNS
On 6-8-15

By: Carla M. Naughton
Assistant Secretary

STATE OF Minnesota
COUNTY OF Dakota

On ___6/8/15___, before me, Kelley Christine Butikofer, a Notary Public in the State of Minnesota,
personally appeared Carla M. Naughton, Assistant Secretary, personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity,
and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal,

Kelley Christine Butikofer
Notary Expires: 01/31/2017

```
KELLEY CHRISTINE
BUTIKOFER
NOTARY PUBLIC - MINNESOTA
My Commission Expires January 31, 2017
```

(This area for notarial seal)

PREPARED BY: WELLS FARGO BANK, N.A.

**WELLS FARGO HOME MORTGAGE**

Return Mail Operations
PO Box 14547
Des Moines, IA 50306-4547

*For informational purposes only*

**Statement Date:** November 11, 2016

**Loan number:**

**Property address:**
849  NEW DOVER ROAD
EDISON NJ 08820

SAM BHATIA
849 NEW DOVER RD
EDISON NJ 08820-1806

## Customer Service

 **Online**
wellsfargo.com

 **Correspondence**
PO Box 10335
Des Moines, IA 50306

 **To learn more, go to:**
wellsfargo.com/escrow

**Telephone**
1-800-340-0473

**Hours of operation**
Mon - Fri 7 a.m. - 8 p.m. CT

We accept telecommunications relay service calls

*PLEASE NOTE: If you are presently seeking relief (or have previously been granted relief) under the United States Bankruptcy Code, this statement is being sent to you for informational purposes only. The summaries below are based on the terms of the loan and are provided for informational purposes only.*

Because the amounts billed for the escrow items can change over time, we review the escrow account to ensure there will be enough money to make these payments. Once the review is complete, we send the escrow review statement, also known as the escrow account disclosure statement.

Here's what we found:

- **Required minimum balance**: The escrow account balance is projected to be equal to the required minimum balance.

- **Future payments**: Based on what we expect to pay, as of December 1, 2016, the escrow portion of the payment will **increase**.

> The account balance is sufficient. Our review shows no projected shortage or overage.

## Part 1 - Mortgage payment

### New Payment    The new total payment will be $3,647.48

| | Current payment§ | New payment |
|---|---|---|
| Principal and/or interest | $2,605.83 | $2,605.83 |
| Escrow payment | $974.91 | $1,041.65 |
| Total payment amount | $3,580.74 | $3,647.48 |

> ### No action required
> Starting **December 1, 2016** the new contractual payment amount will be **$3,647.48**

§**Current payment** represents the next contractual payment on this loan.

**Note:** If this is an adjustable rate mortgage (ARM), a separate notice will be sent before the payment is scheduled to change.

See Page 2 for additional details.

For the coming year, we expect the amount paid from escrow to be $12,499.77.

## How was the escrow payment calculated?

To determine the escrow payment, we add the projected escrow items to be paid over the next 12 months. We base these projected amounts on any escrow items that may have been paid in the past and any future anticipated payments to be made. We then divide the total amount by 12 payments to determine the escrow amount.

The chart below includes any actual escrow disbursements as well as any shortage that may have been identified for the past three analysis periods.

### Escrow comparison

| | 02/15 - 01/16 (Actual) | 03/16 - 02/17 (Actual) | 11/16 - 11/16 (Actual) | 12/16 - 11/17 (Projected) | | # of months | | New monthly escrow amount |
|---|---|---|---|---|---|---|---|---|
| Property taxes | $10,569.54 | $8,287.51 | $0.00 | $10,910.77 | ÷ | 12 | = | $909.23 |
| Property insurance | $1,185.00 | $1,589.00 | $0.00 | $1,589.00 | ÷ | 12 | = | $132.42 |
| Total taxes and insurance | $11,754.54 | $9,876.51 | $0.00 | $12,499.77 | ÷ | 12 | = | $1,041.65 |
| Escrow shortage | $468.81 | $0.00 | $936.89 | $0.00 | | | | |
| Total escrow | $12,223.35 | $9,876.51 | $936.89 | $12,499.77 | | | | $1,041.65 |

## Projected escrow account activity over the next 12 months

To determine if there will be a shortage or overage in the account, we calculate whether the amount of the lowest projected escrow balance will be greater or less than the required minimum balance. This is determined by subtracting the required minimum balance from the lowest projected balance. If the outcome is positive, there is an overage. If it is negative, there is a shortage. The calculation is below:

| | | | |
|---|---|---|---|
| Lowest projected escrow balance October, 2017 | | $805.11 | (Calculated in Part 3 - Escrow account projections table) |
| Bankruptcy adjustment[‡] | + | $1,278.19 | |
| Minimum balance for the escrow account[†] | − | $2,083.30 | (Calculated as: $1,041.65 X 2 months) |
| Escrow overage/shortage | = | $0.00 | (escrow balance is sufficient) |

[‡]This adjustment of $1,278.19, is the remaining amount of the pre-petition escrow shortage included in our proof of claim being paid through the confirmed bankruptcy plan.

[†]The minimum balance includes a cash reserve to help cover any increase in taxes and/or insurance. To calculate the cash reserve for the escrow account, we add up the total of the yearly escrow payments, and divide by 12. We take this amount and multiply it by 2 as allowed by state laws and/or the mortgage contract to determine the cash reserve.

## Important messages

Wells Fargo is changing the way we handle escrow overage/surplus amounts. Previously, checks were sent to refund overages $50.00 or greater, while lesser amounts simply reduced a future payment. As of June 1, 2016, checks will be sent for all refunds, regardless of amount. To learn more about escrow accounts, visit wellsfargo.com/escrow.

## Part 3 - Escrow account projections

Escrow account projections from December, 2016 to November, 2017

| Date | Payments to escrow | What we expect to pay out | Description | Projected escrow balance | Balance required in the account |
|---|---|---|---|---|---|
| Nov 2016 | | | Starting balance | $1,846.73 | $3,124.92 |
| Dec 2016 | $1,041.65 | $0.00 | | $2,888.38 | $4,166.57 |
| Jan 2017 | $1,041.65 | $2,623.26 | EDISON TOWNSHIP (1)(W) | $1,306.77 | $2,584.96 |
| Feb 2017 | $1,041.65 | $0.00 | | $2,348.42 | $3,626.61 |
| Mar 2017 | $1,041.65 | $0.00 | | $3,390.07 | $4,668.26 |
| Apr 2017 | $1,041.65 | $2,623.26 | EDISON TOWNSHIP (1)(W) | $1,808.46 | $3,086.65 |
| May 2017 | $1,041.65 | $0.00 | | $2,850.11 | $4,128.30 |
| Jun 2017 | $1,041.65 | $0.00 | | $3,891.76 | $5,169.95 |
| Jul 2017 | $1,041.65 | $2,836.26 | EDISON TOWNSHIP (1)(W) | $2,097.15 | $3,375.34 |
| Aug 2017 | $1,041.65 | $0.00 | | $3,138.80 | $4,416.99 |
| Sep 2017 | $1,041.65 | $1,589.00 | PALISADES PROPERTY & | $2,591.45 | $3,869.64 |
| Oct 2017 | $1,041.65 | $2,827.99 | EDISON TOWNSHIP (1)(W) | $805.11 | $2,083.30 |
| Nov 2017 | $1,041.65 | $0.00 | | $1,846.76 | $3,124.95 |
| Totals | $12,499.80 | $12,499.77 | | | |

## Part 4 - Escrow account history

Escrow account activity from November, 2016 to November, 2016

| Date | Deposits to escrow | | | Payments from escrow | | | Description | Escrow balance | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Actual | Projected | Difference | Actual | Projected | Difference | | Actual | Projected | Difference |
| Nov 2016 | | | | | | | Starting Balance | -$16,730.07 | $2,084.64 | -$18,814.71 |
| Nov 2016 (estimate) | $18,576.80 | $1,042.34 | $17,534.46 | $0.00 | $0.00 | $0.00 | | $1,846.73 | $3,126.98 | -$1,280.25 |
| Totals | $18,576.80 | $1,042.34 | $17,534.46 | $0.00 | $0.00 | $0.00 | | | | |

*Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. ©2016 Wells Fargo Bank, N.A. All rights reserved.*
*NMLSR ID 399801  9/16*



# Exhibit "B"

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security          **0** Assumption of Executory Contract or Unexpired Lease          **0** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Sam A Bhatia**

Case No.:  **16-31404**

Judge:  **KCF**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                     ☑ Modified/Notice Required          Date:     **6/22/2018**
☐ Motions Included          ☐ Modified/No Notice Required

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice.* Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **JJS III**          Initial Debtor:  **SAB**          Initial Co-Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay __400.00  Monthly__ to the Chapter 13 Trustee, starting on __July 1, 2018__ for approximately **41** months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available):**$7,600 already paid into Plan.**

c.  Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description:**170 & 176 Gunning River Road, Barnaget, NJ**
  Proposed date for completion:   __1 year from confirmation__

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:   _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:   _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection        **X** NONE

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scura, Wigfield, Heyer, Stevens & Cammarota, LLP** | **Administrative** | **Amount to be determined by further application to the Court** |
| **Chhaya Bhatia** | **Domestic support obligations** | **Current, debtor will continue to pay monthly as agreed** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **13,493.05** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ☑ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been

assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim
pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|----------|------------------|--------------|-------------------|
|          |                  |              |                   |

## Part 4: Secured Claims

### a.  Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|------------------------------------------|-----------------------------------------|
|          |                            |           |                            |                                          |                                         |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|------------------------------------------|-----------------------------------------|
|          |                            |           |                            |                                          |                                         |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|------------------|------------|---------------|-----------------|-----------------------------------------------------------------|
|                  |            |               |                 |                                                                 |

### d.  Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|----------|------------|----------------|------------------------|----------------|-------------------------------------------|----------------------|-------------------------|
|          |            |                |                        |                |                                           |                      |                         |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|--------------------------------|--------------------------|
|          |                              |                                |                          |

**f.  Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Vw Credit Inc - auto loan**
**Wells Fargo Home Mortgage - mortgage on residence**

**g.  Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|----------|-----------|-----------------------------------------|
| **Internal Revenue Service (secured portion Claim# 1)** | **170 & 176 Gunning River Road, Barnaget, NJ.** | **40,387.46 (Paid with the sale proceeds of 170 & 176 Gunning River Road, Barnaget, NJ)** |

## Part 5:  Unsecured Claims          ☐ NONE

a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:

☑          Not less than $ _4,843.50___ to be distributed *pro rata*

☐          Not less than ___ percent

☐          *Pro Rata* distribution from any remaining funds

b.  **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
|          |                                   |           |                   |

## Part 6:  Executory Contracts and Unexpired Leases     ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|----------|------------------------------|------------------------------|---------------------|-----------------------|
|          |                              |                              |                     |                       |

## Part 7:  Motions     ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be**

4

filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

    **a. Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

    **b. Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
      1)  Ch. 13 Standing Trustee Commissions
      2)  **Other Administrative Claims**
      3)  **Secured Claims**
      4)  **Lease Arrearages**
      5)  **Priority Claims**
      6)  **General Unsecured Claims**

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
**Date of Plan being modified:. April 4, 2017**

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To extend time to sell land located at 170 & 176 Gunning River Road.<br><br>To change the treatment of the lien with Wells Fargo Home Mortgage as unaffected, as the Debtor has completed his trial and motion to approve the loan modification is being prepared. | Pat1c updated to reflect an additional 12 months to sell land.<br><br>Wells Fargo Home Mortgage added to Part4f. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☑ Yes   ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

 The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

 I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | June 22, 2018 | **/s/ John J. Scura, III** |
|---|---|---|
| | | **John J. Scura, III 022771993 NJ** |
| | | Attorney for the Debtor |
| Date: | June 22, 2018 | **/s/ Sam A Bhatia** |
| | | **Sam A Bhatia** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | June 22, 2018 | **/s/ John J. Scura, III** |
|---|---|---|
| | | **John J. Scura, III 022771993 NJ** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | June 22, 2018 | **/s/ Sam A Bhatia** |
|---|---|---|
| | | **Sam A Bhatia** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

811721
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for WELLS FARGO BANK, NA.

| | |
|---|---|
| In Re:<br><br>Sam Bhatia | Case No:  16-31404 - KCF<br><br>Hearing Date:07/25/2018<br><br>Judge:  KATHRYN C. FERGUSON<br><br>Chapter:  13 |

## CERTIFICATION OF SERVICE

1.     I, Charles Hagan:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, NA. in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.     On July 13, 2018 I sent a copy of the following pleadings and/or documents to the parties listed below:

Objection to Modified Chapter 13 Plan

3.     I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  July 13, 2018 _____          /s/ *Charles Hagan* _____
                                                              Charles Hagan

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Sam Bhatia<br>849 New Dover Road<br>Edison, NJ 08820 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| John J Scura, III, Esquire<br>1599 Hamburg Turnpike<br>P.O. Box 2031<br>Wayne, NJ 07470 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| Albert Russo, Trustee<br>Cn 4853<br>Suite 101<br>Trenton, NJ 08650 | Trustee | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.